UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RETURN ON INTELLIGENCE, LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY SHENKMAN,<br><br>Defendant. | Case No. 18-cv-00262-JSW<br><br>**ORDER REGARDING PLAINTIFFS' OFFER OF PROOF**<br><br>Re: Dkt. No. 141 |

This matter is scheduled for a bench trial on December 4, 2023. It is undisputed that, during discovery, neither Plaintiffs nor Defendant identified any expert witnesses. In their pretrial filings, Plaintiffs listed Alexander Novak and Sergiy Sinyansky as witnesses and intend to elicit testimony from them regarding Plaintiffs' alleged damages. (Dkt. No. 131-2.) Defendant objected to their testimony as follows: "The defendant objects to his providing undisclosed expert type testimony." (*Id.*)

At the pretrial conference, the Court ordered Plaintiffs to provide an offer of proof regarding the testimony at issue. Plaintiffs have submitted their offer of proof, and Defendant has responded. Defendant maintains that Plaintiffs are offering expert testimony that should have been disclosed prior to trial under Federal Rule of Civil Procedure 26 and argues the Court must exclude these witnesses because Plaintiffs did not make a pretrial disclosure.

Rule 26(a)(2)(A) requires "that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." If a witness is not required to prepare a written report, the pretrial "disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is

expected to testify." Fed. R. Civ. P. 26(a)(2)(c).

Rule 26 requires disclosure when a party will present evidence under Federal Rule of Evidence 702 ("FRE 702"). Based on Plaintiffs' offer of proof, the Court is not persuaded that these witnesses will be presenting testimony that would fall within the scope of FRE 702, rather than FRE 701. FRE 701 permits lay opinion testimony "that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The fact that these witnesses' testimony may involve "the subject of damages does not mean it requires either expert or lay opinion testimony." *Ehrart v. BofI Holdings, Inc.*, 445 F. Supp. 3d 831, 840 (S.D. Cal. 2020).

The Court DENIES Defendant's motion to exclude these witnesses based on the lack of pretrial disclosure. However, because it is undisputed that neither party disclosed expert witnesses prior to trial, the Court will not hesitate to grant a motion strike any testimony that is elicited at trial if it veers from lay opinion into testimony that would be based on "scientific, technical, or other specialized knowledge."

The Court next considers whether Mr. Novak and Mr. Sinyansky should be permitted to offer lay opinion testimony on damages. Defendant contends their qualifications to do so "are not the issue." (Opposition to Offer of Proof at 4:5-6.) The Court agrees. In *Erhart*, the defendant filed a counterclaim against the plaintiff and intended to present its Chief Financial Officer ("CFO") to testify about lost profits. The court concluded that the defendant failed to establish the CFO was qualified to provide that testimony under FRE 702 and precluded him from testifying as an expert. *Erhart,* 445 F. Supp. 3d at 842. The court then considered FRE 701. It noted "an abundance of case law where corporate employees are permitted to testify about damages or company valuation without qualifying as an expert" on the basis "of the particularized knowledge that the witness has by virtue of his or her position in the business." *Id.* (internal citations and quotations omitted). The court allowed the testimony but required the CFO's opinion to be based on "personal and particularized knowledge of the facts" and required the defendant "to establish sufficient foundation for any lost profits testimony, and [required that] this testimony must not be

2

based on pure speculation." *Id.* (internal citations and quotations omitted).

The Court will permit Mr. Novak and Mr. Sinyanksy to provide lay opinion testimony on the damages Plaintiffs allegedly incurred as a result of Defendant's conduct, *if and only if* Plaintiffs elicit testimony that shows the witnesses have personal knowledge of the relevant facts, do not rely on inadmissible hearsay, and show their testimony is not based on speculation. *Erhart*, 445 F. Supp. 3d at 841-42.

The Court reminds the parties to be present on Monday, December 4, 2023 by no later than 7:45 a.m. to discuss any matters that should be addressed prior to witness testimony. The Court also orders the parties to immediately notify the Court's Courtroom Deputy via email and to file a notice of settlement if they are able to resolve this matter before trial begins.

**IT IS SO ORDERED**.

Dated: December 1, 2023

_____
JEFFREY S. WHITE
United States District Judge